IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MAUREEN K. CORNEAL,** | \* | |
| Plaintiff, | \* | |
| | | Civil Action No. RDB-19-3393 |
| v. | \* | |
| **DEBRA MCCURDY,** *et al.*, | \* | |
| Defendants. | \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Plaintiff Maureen K. Corneal ("Plaintiff" or "Corneal"), proceeding *pro se*, brings this employment discrimination action seeking prospective injunctive relief against Defendants Debra McCurdy, Kurt Schmoke, Maria Rodriguez, and Michelle Williams (collectively, "Defendants"), all in their official capacities as officers of Baltimore City Community College. Corneal alleges unlawful discrimination (Count I) and retaliation (Count II) based on her age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* (Compl., ECF No. 1.)  Presently pending is Defendants' Partial Motion to Dismiss, seeking dismissal with prejudice of Count II of Plaintiff's Complaint. (ECF No. 12.)  On February 6, 2020, Plaintiff was issued a Rule 12/56 letter to advise her of her right to respond to Defendants' Motion, but Plaintiff has not filed a response. (*See* ECF No. 13.)  The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018).  For the reasons that follow, Defendants' Partial Motion to Dismiss (ECF No. 12) shall be GRANTED and Count II shall be DISMISSED WITHOUT PREJUDICE.  The case shall proceed as to Count I.

**BACKGROUND**

This Court recognizes that Plaintiff is *pro se* and has accorded her pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

In 2014, Corneal was hired by Baltimore City Community College ("BCCC") as Vice President of Institutional Advancement, Marketing, and Research. (Compl. ¶¶ 12, 13, ECF No. 1.) Defendant McCurdy is the current President/CEO of BCCC, Defendant Schmoke is the Chairman of BCCC's Board of Trustees, Defendant Rodriguez is BCCC's General Counsel, and Defendant Williams is BCCC's Executive Director for Human Resources. (*Id.* ¶¶ 6-9.)

As Vice President, Corneal served on the President's cabinet, was executive director of the BCCC Foundation, oversaw a team of 14 professionals, two creative agencies, and several vendors. (*Id.* ¶ 14.) She also led a five-year strategic planning effort and served on a task force to cooperate with the 2015 Maryland General Assembly's requirement for a report to assess BCCC's full operations, among other responsibilities. (*Id.*) Corneal alleges she received

"exceeds expectations" on all of her reviews, and she was voted Administrator of the Year in 2015. (*Id.*)

On or about August 8, 2016, the President's assistant told Corneal that BCCC was going in "another direction" with Corneal's Vice President position. (*Id.* ¶ 18.) Corneal was asked to resign or be terminated, and Defendant Williams, as then-Interim Director of Human Resources, allegedly insisted that Corneal make the decision immediately. (*Id.*) Corneal resigned and received a severance payment of $10,830.00, which she alleges was significantly less than others who were dismissed in the same time frame. (*Id.*) Corneal was 54 years old at the time. (*Id.* ¶ 5.) On or about August 15, 2016, BCCC hired Dr. Nassim Ebrahimi as Interim Vice President of Institutional Advancement, Marketing, and Research, who Corneal alleges was 38 years old at the time and lacked experience leading multiple departments and tenure as an executive. (*Id.* ¶ 20.)

On or about December 2, 2016, Corneal filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 27; EEOC Charge, ECF No. 1-1[1].) On July 19, 2019, the EEOC issued a finding of age discrimination. (Compl. ¶ 28, ECF No. 1; EEOC Determination, ECF No. 1-2.) After conciliation between BCCC and EEOC failed, the EEOC issued Corneal a Right to Sue Letter on August 29, 2019. (Compl. ¶ 29, ECF No. 1; EEOC Notice of Failure to Conciliate, ECF No. 1-3.)

---

[1] In ruling on Defendants' Partial Motion to Dismiss, the Court may consider Plaintiff's EEOC Charge as integral to Plaintiff's Complaint. *See Bowie v. Univ. of Maryland Med. Sys.*, No. ELH-14-03216, 2015 WL 1499465, at 3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint.") (citations omitted).

On November 25, 2019, Corneal filed this action *pro se*, seeking prospective injunctive relief, including reinstatement, and any other relief this Court may deem appropriate, including costs and attorneys' fees.  (Compl. ¶ 42, ECF No. 1.)  Defendants filed the presently pending Partial Motion to Dismiss on February 5, 2020.  (ECF No. 12.)  On February 6, 2020, Plaintiff was issued a Rule 12/56 notice advising her of her right to respond to Defendants' Motion within 28 days.  (ECF No. 13.)  Plaintiff did not file a response.

## STANDARD OF REVIEW

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  In making this determination, this Court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The United States Supreme Court's opinions in *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Corneal's Complaint fails to state a cognizable claim for retaliation because she has not exhausted her administrative remedies as to that claim. Even liberally construed, this shortcoming warrants dismissal of her retaliation claim without prejudice. The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, adopts the administrative exhaustion requirements found in Title VII of the Civil Rights Act of 1964 ("Title VII"). *See Byington v. NBRS Financial Bank*, 903 F. Supp. 2d 342, 348 (D. Md. 2012) ("Before filing a discrimination suit alleging violations of the ADEA or ADA, an individual must file a charge of discrimination with the EEOC, pursuant to the same powers, procedures,

and remedies applied to Title VII claims."). Accordingly, before bringing an ADEA claim in federal or state court, a plaintiff must meet certain statutory requirements. First, a plaintiff must file a "charge" of discrimination with the EEOC or appropriate agency before proceeding to court. 42 U.S.C. § 2000e-5(e)(1). The charge must be filed within a specified time "after the alleged unlawful employment practice occurred." *Id.* In Maryland, a deferral state,[2] a claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R & R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). Finally, a plaintiff's suit is limited to the grounds asserted in the underlying EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

If timely raised by the defendant, failure to exhaust administrative remedies warrants dismissal under Rule 12(b)(6) of the Federal Rules. *See, e.g.*, *Stewart v. Iancu*, 912 F.3d 693, 701-702 (4th Cir. 2019); *see also Carter v. Montgomery Cty.*, TDC-18-2249, 2019 WL 3804765, at *2 (D. Md. Aug. 13, 2019) (construing motion to dismiss under Rule 12(b)(1) for failure to exhaust administrative remedies as a motion to dismiss under Rule 12(b)(6) in light of the Supreme Court's decision in *Fort Bend Cty v. Davis*, 139 S. Ct. 1843, 1846 (2019)). The exhaustion requirement ensures that the charged party receives notice of the claims it faces. *Chacko v. Patuxent Institution*, 429 F.3d 505, 510 (4th Cir. 2005). A subsequent lawsuit thus must limit its claims to those included in the administrative charge and those "reasonably related" to the claims described in the administrative charge. *Evans v. Techs. Applications & Servs. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). Accordingly, administrative charges which reference

---

[2] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations (MCHR), a state agency that is capable of providing relief from discrimination.

"different time frames, actors, and discriminatory conduct than the central factual allegations" in a civil complaint do not satisfy the administrative exhaustion requirements. *Chacko*, 429 F.3d at 506. The administrative exhaustion requirements, however, should not set "a tripwire for hapless plaintiffs." *Sydnor v. Fairfax County*, 681 F.3d 591, 594 (4th Cir. 2012).

In this case, Plaintiff alleges both discrimination and retaliation in violation of the ADEA. However, in her charge of discrimination with the EEOC, she only alleged age discrimination, and she did not check the box for retaliation. (EEOC Charge, ECF No. 1-2). Consequently, because Plaintiff's suit is limited to the grounds asserted in the underlying EEOC charge, her claim for retaliation based on her age must fail because she never filed a charge of retaliation with the EEOC. *See Jones*, 551 F.3d at 300. Accordingly, because Plaintiff failed to exhaust her administrative remedies as to Count II alleging retaliation, Defendants' Partial Motion to Dismiss is granted and Count II is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, it is this 20th day of April, 2020, HEREBY ORDERED that:

1. Defendants' Partial Motion to Dismiss (ECF No. 12) is GRANTED; and

2. Count II (Retaliation in Violation of the Age Discrimination in Employment Act) is DISMISSED WITHOUT PREJUDICE.

_____/s/_____
Richard D. Bennett
United States District Judge