IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAUREEN K. CORNEAL | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: RDB-19-3393 |
| DEBRA MCCURDY, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

### **Introduction**

This case was referred to me for all discovery and related scheduling (ECF 33) on April 5, 2021. On April 1, 2021 Pro Se Plaintiff filed a pleading which the Court will construe as a motion to compel discovery (ECF 31). On April 20, 2020, Defendants filed a Response (ECF 36). The matter has been fully briefed and no hearing is necessary. Local Rule 105.6. As set forth below, the Motion to Compel is DENIED.

### **Facts of the case**

Plaintiff has sued Defendant alleging Defendants violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sec. 621 et seq. Plaintiff alleges that Defendants, in their official capacities as officers of the Baltimore City Community College terminated her employment as Vice President of Institutional Advancement, Marketing and Research because of her age.

This dispute centers upon documents which consists of the first ten pages of BCCC 141235-62 which was disclosed to Plaintiff, excepting the ten pages at issue. The disputed

document is an email and attachment from Bryan Perry, Esquire who was General Counsel to BCCC to Kurt Schmoke, Esquire Chair of BCCC's Board of Trustees.

### Discovery in General

As a general rule, Federal Rule 26(b) provides general provisions regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

### Discussion

In balancing discovery disputes, the Court is guided by Fed. R. Civ. P. 26(b)(1) and pursuant to Appendix A, Guideline 1 of the Local Rules, the requirement "to facilitate the just, speedy and inexpensive conduct of discovery, in light of what is relevant to any party's claim or defense; proportional to what is at issue in a case and not excessively burdensome or expensive compared to the likely benefit of obtaining the discovery being sought." Local Rules, Appendix A, Guideline 1.

Plaintiff here moves to compel the email as described and the attachment. Plaintiff does not support this request with the relevance of this information. Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed.R.Civ.P. 26(b)(1). *Lynn v. Monarch Recovery Management, Inc.*, 285 F.R.D. 350, 355 (D.Md. 2012). Federal Rule of Civil Procedure 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D.Md.2010).

Federal Rule of Civil Procedure 26(b)(1) governing the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1). Thus, the Court must first determine the relevance of the information Defendant seeks to compel. Then, the Court must determine which, if any, privileges raised by Plaintiff preclude the answers to the deposition questions of Defendant. The burden to establish that otherwise relevant discovery is privileged is on the party asserting the privilege. *See In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 352 (4th Cir. 1994).

Defendants set forth multiple arguments including the fact that this sought information was not the subject of a valid discovery request. Simply put, Plaintiff is seeking to compel disclosure of information she never sought in her requests. The Plaintiff has not presented any evidence supporting the argument that the information sought (the email) is even relevant to her claim of age discrimination. According to Defendants, the document was created a year after Plaintiff left employment. ECF 34, p.9. Counsel for Defendant examined the document and it does not mention Plaintiff, her former position or the Division where she worked. *Id.* The email also was not responsive to the search terms. *Id.* Therefore, the document is not only non-responsive, it is not relevant and Defendants need not disclose it.

Defendants also make several layers of arguments regarding privileges that would preclude disclosure of the requested information. Because Plaintiff's requests for discovery did not include

the document in question, and there is no showing that the document is in any way relevant to the claims of age discrimination in employment, the Motion to Compel is DENIED. While there is no need for the Court to rule on the issue of privilege, *assuming arguendo* the document is relevant and responsive to Plaintiff's inquiries, the Court is persuaded by Defendants' arguments that the document is protected by the attorney-client privilege, legislative privilege and the deliberative process privilege.

    A separate Order will follow.

_6 May 2021_
Date

_A. David Copperthite_
A. David Copperthite
United States Magistrate Judge